IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2013 JUN 11 P 12: 22
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

RODERICK SMITH,

      PLAINTIFF,

V.

SHORELINE TRANSPORTATION
OF ALABAMA, LLC.,

      DEFENDANT.

CIVIL ACTION NO.

2:13-cv-402

TRIAL BY JURY REQUESTED

## COMPLAINT

COME NOW the Plaintiff by and through the undersigned attorneys, and for the causes of action, states the following:

## I.   JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202, and pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*  District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. §1331.  The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

## II.   PARTIES

2.     Plaintiff Roderick Smith ("Plaintiff") is a resident of Montgomery, Montgomery County, Alabama, and performed work for the Defendant in the counties

1

composing the Middle District of Alabama.  Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).  Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Middle District, Northern Division.

3.      Defendant, Shoreline Transportation of Alabama, LLC, ("Defendant"), is registered with the State of Alabama, and doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendant.  Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r).

## III.   FACTUAL SUMMARY

4.      Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 3 above as if fully set forth herein.

5.      Plaintiff began employment with Defendant on or about May 28, 2010, as a yard spotter.

6.      Plaintiff and Defendant ended the employment relationship in September 2011.

7.      Plaintiff and Defendant resumed the employment relationship in June 2012.

8.      Plaintiff's current rate of pay is $13.00 per hour.

9.      Plaintiff has at all times while employed with Defendant been classified as a non-exempt, hourly paid employee.

10.    Plaintiff regularly worked over forty hours in a work week.

IV.    **COUNT ONE – FLSA – Overtime Violations**

11.    Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 10 above as if fully set forth herein.

12.    Defendant employs Plaintiff as a "yard spotter."

13.    Defendant stationed Plaintiff on property owned by Hyundai and its subsidiaries in Montgomery, Alabama.  Freight is shipped in by Defendant and other carriers.

14.    The bill of lading for the interstate transportation of product is a final bill of lading for Hyundai subsidiaries.

15.    Product delivered intra- and interstate to the warehouse is unloaded and warehoused.

16.    Plaintiff picks up trailers already loaded on the property and delivers the material to dock doors located on the premises.

17.    Plaintiff never drives on a public road when performing his job duties for Defendant.

18.    Plaintiff never loads or unloads trailers.

19.    Plaintiff never travels more than one mile in any direction, and all travel is purely intrastate and occurs on private roads.

3

20.     Any intrastate commerce ends on product moved by Plaintiff ended with the bill of lading delivered to the Hyundai subsidiaries.

21.     Defendant has failed and refused to pay Plaintiff any overtime premium for hours worked in excess of forty hours in a work week.

22.     Plaintiff regularly worked over forty hours in a work week, however, he only received straight time compensation for all hours worked for Defendant whether over or under forty hours in a work week.

23.     Defendant violated the FLSA by failing to pay Plaintiff one and a half times his hourly rate for all hours worked over forty hours in a work week is a violation of the FLSA.

24.     As a result of Defendant's violations of the FLSA, Plaintiff has been damaged, suffering loss of overtime premium pay.

## V.   PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays for the following relief:

A.     That the Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in this Complaint;

B.     That this Court award Plaintiff the amount of his unpaid overtime wages, plus an additional equal amount as liquidated damages;

4

C.    That Plaintiff be granted judgment against Defendants for all reasonable attorneys' fee, costs, disbursements;

D.    Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 216(b) that the actions of Defendant is violative of the law; and

E.    For such other and further relief as this Court deems equitable, proper and just.

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL   35203
205.252.1550 – Office
205.252.1556 – Facsimile

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY FOR THE TRIAL OF THIS CAUSE.

_____
COUNSEL FOR PLAINTIFF

**SERVE DEFENDANT:**
Shoreline Transportation of Alabama, LLC
C/O Rhonda Bees
100 Pleasant Hill Court
Greenville, AL 36037