IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
RODERICK SMITH,                )
                               )
     Plaintiff,                )
                               )      CIVIL ACTION NO.
     v.                        )      2:13cv402-MHT
                               )           (WO)
SHORELINE TRANSPORTATION       )
OF ALABAMA, LLC,               )
                               )
     Defendant.                )
```

OPINION

In this lawsuit brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 et seq., the court has before it the parties' joint motion for approval of settlement agreement.  The court also has before it the settlement agreement and full and final general release of all claims signed by all parties.

Plaintiff Roderick Smith filed his complaint against defendant Shoreline Transportation of Alabama, LLC in federal court, asserting that the company had failed to pay him wages and overtime owed under FLSA.  Jurisdiction

is proper pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

Later, the parties filed the pending motion for approval of the settlement agreement.  The court held a hearing to discuss this motion and address the settlement agreement.  At this hearing, the parties' counsel represented that the agreement was fair and reasonable.  Further, Smith stated that he was satisfied with the agreement.  However, the court stated its concern with the provision that would prevent Smith from disclosing the terms and existence of the settlement unless required under law and with the provision in which Smith would release Shoreline from legal claims unrelated to FLSA.

When an employee brings a private action under the FLSA and presents a proposed settlement agreement to the district court, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's FoodStores, Inc. v. United States Dept. of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982).  Having

reviewed the agreement, the court finds that the parties have reached an agreement based on a negotiated, good-faith compromise of a bona-fide dispute over application of relevant provisions of the FLSA and of wages owed under the FLSA based on the assertion that Smith was not properly compensated for his work and overtime. Furthermore, the court finds, with two exceptions, that the agreement reflects a fair and reasonable resolution of the dispute between the parties.

The court will only grant approval of the agreement with two modifications. First, the court rejects the confidentiality provision in the settlement agreement, with result that Smith would not be prevented from disclosing the existence and terms of the settlement agreement, including the amount of the settlement. See Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1283-4 (M.D. Ala. 2011) (Thompson, J.) (finding that confidentiality provisions unequally benefit the employer and frustrate FLSA goals); Dees v. Hydradry,

Inc., 706 F. Supp. 2d 1277, 1242; see also Elizabeth Wilkins, Silent Workers, Disappearing Rights: Confidential Settlements and the Fair Labor Standards Act, 34 Berkeley J. Emp. & Lab. L. 109, 113 (2013) ("Congress's intent to protect both the public's interest in a well-functioning economy and the vulnerable worker subject to unequal bargaining dynamics militates against secret settlements").

Second, the court rejects the agreement's provision requiring Smith to release all discrimination claims beyond the FLSA claim raised in this matter. The provision requires release of all discrimination claims, including those arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e et al, amongst others. The court finds this pervasive waiver overbroad and unfair. "An employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." Hogan,

4

821 F. Supp. 2d 1284 (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) (Merryday, J.)). Such provisions take advantage of workers seeking to recover backpay who may be willing to waive unknown claims in order to access withheld wages as soon as possible. Id.

With the understanding that the proposed settlement incorporates the two modifications discussed above, the court will approve the proposed settlement, and an appropriate judgment will be entered to that effect. Of course, if the parties do not agree with the modifications they can ask within the time allowed by law that the judgment be set aside.

DONE, this the 18th day of February, 2014.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE